

E. Clarke Balcom, OSB #01195
cbalcom@clarkebalcomlaw.com
**Shannon D. Sims,** OSB #072029
sims@clarkebalcomlaw.com
CLARKE BALCOM, P.C.
1312 SW 16th Ave., 2nd Floor
Portland, OR 97201-2612
Telephone (503) 224-5950
Fax (503) 467-4669
Attorneys for Plaintiff

FILED'09 JUN 19 15:41 USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| RAYMOND PEREZ,<br>      Plaintiff,<br>v.<br>PALISADES COLLECTION, LLC, a<br>Delaware Limited Liability Co.,<br>      Defendant. | Case No.: **CV'09  708  JO**<br><br>COMPLAINT<br><br>(Fair Debt Collection Practices Act)<br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTION

This is an action for actual and statutory damages brought by Plaintiff, Raymond Perez, an individual consumer, against Defendant, Palisades Collection, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.* (hereinafter "Oregon UDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; wrongful use of a civil proceeding; breach of contract; and fraud.

Page 1 of 8 - COMPLAINT

27564

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper because Defendant transacts business in the State of Oregon, Plaintiff resides in the State of Oregon, and the conduct complained of occurred in the State of Oregon.

## PARTIES

2. Plaintiff Raymond Perez ("Perez") is a natural person residing in Portland, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Palisades Collection, LLC ("Palisades") is a Delaware limited liability company engaged in the business of collecting debt in this state with its principal place of business located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey. Palisades is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mail and/or telephone in the collection of debts from consumers, and it was acting in this capacity when it attempted to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

4. Plaintiff Raymond Perez incurred a financial obligation to Bank One/First USA, that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. This debt was sold or otherwise transferred to Defendant.

6. Defendant retained the law firm Patenaude & Felix, A.P.C., to assist it in collecting the debt.

7. Through Patenaude & Felix, Palisades settled the debt with Perez, confirmed by a letter dated June 18, 2007.

8. In reliance on Palisades representation of settlement and the cessation of collection efforts, Plaintiff paid the sum of $6,166.23 via cashier's check dated June 18, 2007.

9. Another letter verifying that the account had been settled was sent to Perez from Patenaude & Felix dated January 3, 2008.

10. Palisades then retained another law firm, Johnson Riddle & Mark, LLC ("JRM"), to collect the same debt that had been settled through Patenaude & Felix.

11. In a letter dated March 13, 2008, Palisades, through its attorneys JRM, attempted to collect $1,721.41 from Perez. This letter listed Bank One/First USA as JRM's client and did not list the account number related to the debt. In its place was JRM's reference number. This letter was Perez' first notice of Palisades continued collection effort. The letter conflicted with the multiple confirmations Perez had sought and received evidencing settlement of the entire debt.

12. On April 11, 2008, Perez faxed a letter to JRM disputing the debt. With this letter he faxed a copy of the letter from Patenaude & Felix that stated the account had been settled.

13. The next communication Perez received was on April 21, 2008, when he was served a summons and complaint filed by JRM on behalf of Palisades.

14. The summons and complaint named "Palisades Acquisition XVI" as the plaintiff and sought funds including pre-judgment interest from June 19, 2007.

15. On or around April 21, 2008, Perez called JRM to find out if JRM had received his fax disputing the debt. He spoke with Alicia Shaw from JRM, and Ms. Shaw confirmed that JRM had received Perez's fax.

16. On April 29, 2008, Perez sent a letter to Multnomah County Circuit Court that served as his answer.

17. JRM sent requests for admission and requests for production of documents to the unrepresented Perez on June 28, 2008. The requests for admission stated the account balance as $3,210.65 which included charges for attorney fees.

18. The case against Perez was scheduled for arbitration and was only dismissed once Perez obtained legal counsel.

19. As a result of the acts alleged above, Perez suffered economic damages, stress, anxiety, and frustration.

## FIRST CLAIM FOR RELIEF (FDCPA)

20. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character and amount of the debt.

    b) Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing that its attorneys could be compensated for attorney fees before the right to them arose.

    c) Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

    d) Defendant violated 15 U.S.C. § 1692g(b) by continuing collection of the debt without providing verification of the debt after Plaintiff disputed the debt in writing.

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## SECOND CLAIM FOR RELIEF (UDCPA)

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. Defendant violated the Oregon UDCPA. Defendants' violations of the Oregon UDCPA include, but are not limited to, the following:

    a) Defendant violated ORS § 646.639(2)(k) by attempting to or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

    b) Defendant violated ORS § 646.639(2)(n) by attempting to collect charges or fees in excess of the actual debt that are not expressly authorized by the agreement creating the debt or expressly allowed by law.

25. As a result of the foregoing violations of the Oregon UDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## THIRD CLAIM FOR RELIEF (Wrongful Use of a Civil Proceeding)

26. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

27. Defendant is liable for wrongful use of a civil proceeding in that:

    (1) The Defendant commenced and prosecuted a judicial proceeding against the Plaintiff.

    (2) That judicial proceeding terminated in the Plaintiff's favor.

    (3) There was no probable cause to initiate or prosecute the action.

    (4) The claim was initiated with malice, or a primary purpose other than that of securing an adjudication of the claim.

    (5) Plaintiff was damaged by the actions of the Defendant.

28. As a result of the foregoing, Defendant is liable to Plaintiff for actual damages, and costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF (Breach of Contract)

29. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30. On or about June 18, 2007, Plaintiff and Defendant entered into a settlement on the subject debt. Plaintiff paid the sum of $6,166.23 in reliance on Defendant's terms.

31. The consideration for the agreement was fair and reasonable.

32. Plaintiff performed all conditions.

33. Following said settlement and Plaintiff's performance, Defendant breached the contract by transferring it to Johnson, Riddle and Mark for further collection.

34. As a result of Defendant's breach, Plaintiff has suffered actual damages, including both economic and non-economic damages.

35. Plaintiff was forced to secure legal counsel and expend both time and resources to defend against the lawsuit that was caused by Defendant's breach.

## FIFTH CLAIM FOR RELIEF (Fraud)

36. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

37. Defendant committed fraud in that:

a) Defendant materially misrepresented that the claim would be fully settled and collection efforts would cease upon receipt of Plaintiff's payment.

b) Defendant's representations regarding further collection activities were false.

c) Defendant either knew of the falsity of these representations or made such representations with reckless disregard for their truth or falsity.

d) Defendant's intent in making such representations were that Plaintiff take action: Specifically, that Plaintiff payoff an amount slightly less than the full balance.

e) Plaintiff made a payment of $6,166.23 in reliance on the representations of Defendant.

As a result of its fraudulent conduct, Defendant is liable to Plaintiff for actual damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Raymond Perez, respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Actual damages, including economic and non-economic damages for wrongful use of a civil proceeding, breach of contract and fraud;

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Statutory damages of $200.00 pursuant to ORS § 646.641(1);

E. Costs and reasonable attorney's fees pursuant to Oregon law, 15 U.S.C. § 1692k and ORS § 646.641(2);

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 19 day of June, 2009.

Shannon D. Sims, OSB #072029
CLARKE BALCOM, P.C.
1312 SW 16th Ave., 2nd Floor
Portland, OR 97201-2612
Telephone (503) 224-5950
Fax (503) 467-4669
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff